IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LINDA CUMMINGS PACE,<br><br>Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br>Defendant. | **MEMORANDUM DECISION & ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO EAJA**<br><br>Case No. 2:13-cv-267-BCW<br><br>Magistrate Judge Brooke Wells |

Before the Court is Plaintiff's Motion for attorney fees pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. §2412(d).[1] Plaintiff requests $5,321.82 to be paid by the United States Government pursuant to the EAJA.

**BACKGROUND**

Plaintiff initiated this action in April, 2013 seeking judicial review of the Commissioner's decision denying her applications for Disability, Disability Insurance Benefits and Supplemental Security Income. Plaintiff raised three issues in her appeal: "(1) whether the ALJ erred by failing to properly evaluate the medical opinion evidence; (2) whether the ALJ erred by failing to include all established impairments in Ms. Pace's residual functional capacity assessment and (3) whether the ALJ erred by failing to properly evaluate Ms. Pace's credibility." The Court remanded the matter for further consideration. The Court found the ALJ erred by improperly evaluating the medical opinion evidence. Therefore, the Court did not address the other issues raised by Plaintiff.

[1] Docket no. 30.

Specifically, the Court found the ALJ erred by discounting the opinion of Nurse Ostarcevic and Dr. Moore. As to Nurse Ostarcevic, the MRI that was ordered by Nurse Ostarcevic contained more impairments than the ALJ described. Moreover, the Court found

> …the ALJ's very limited analysis of Ms. Ostarcevic's opinion and simple statements that '…the opinion of a nurse practitioner is considered an 'other source' that cannot establish the existence of a medically determinable impairment' does not allow the Court, as a subsequent reviewer to discern the amount of weight, if any, was given to the opinion. Nor is the Court able to meaningfully review the ALJ's reasoning for assigning such weight. [2]

As to Dr. Moore, the Court found the ALJ erred by not weighing nor mentioning the opinion of Dr. Moore in his written opinion. Further, the Court found this omission not to be harmless error. The RFC the ALJ formulated does not take into account any of the commentary offered by Dr. Moore at the hearing. Therefore, "by the ALJ not weighing or commenting on Dr. Moore's opinion in his written opinion, it is impossible for the Court to meaningfully review the ALJ's determination. Dr. Moore's opinion certainly could have aided in crafting…a more restrictive RFC and/or assisted a finding of disability."[3]

Based upon the Court's decision, Plaintiff became the prevailing party for purposes of the EAJA. Plaintiff now moves the Court for an award of attorney fees under the EAJA. The Commissioner does not contest the amount, or the fact that Plaintiff was the prevailing party. Rather, the Commissioner argues that its position was substantially justified and therefore an award of attorney fees is improper.

## STANDARD OF REVIEW

The EAJA provides that in civil actions, a party who prevails against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United

[2] Docket no. 26 at p. 12.
[3] Id. at p.13.

States was substantially justified or that special circumstances make an award unjust."[4] The only dispute in this Motion is whether the Commissioner's position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact."[5] Accordingly, the government's position must be "justified to a degree that could satisfy a reasonable person."[6] "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact."[7] Of note, is the distinction between the substantial evidence standard under the Social Security Act, and the substantial justification requirement under the EAJA.[8] As articulated by this Circuit and other circuits which have directly addressed this issue, "equating a lack of substantial evidence with a lack of substantial justification would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits."[9] Moreover, to hold these two standards synonymous appears improper under the history behind the statute,[10] and at odds with the Supreme Court's decision in Pierce v. Underwood.[11] Thus, "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified."[12]

---

[4] 28 U.S.C. § 2412(d)(1)(A).
[5] Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995)(internal citations omitted).
[6] Pierce v. Underwood, 487 U.S. 552, 565 (1988).
[7] Id.at 552, n. 2.
[8] See Hadden v. Bowen, 851 F.2d 1266, 1269 (10th Cir. 1988).
[9] Id.
[10] See Taylor v. Heckler, 835 F.2d 1037, 1044 (3rd Cir. 1987)(examining the legislative history of the EAJA and concluding Congress "left the door open to the possibility that the government could demonstrate that a denial of disability benefits that flunked substantial evidence review was nonetheless substantially justified.").
[11] 487 U.S. 552.
[12] Hadden, at 1269.

**ANALYSIS**

In making its determination with regard to the present motion, the Court has reviewed the parties' briefs in relation to both the appeal and the current Motion for Attorney Fees pursuant to the EAJA. The Court has also reviewed the administrative record, the Court's Memorandum Decision and Order and relevant case law. For the reasons set forth more fully below, the Court finds the position of the Commissioner was not substantially justified. Thus, Plaintiff as the prevailing party is eligible to receive an attorney fee award in the amount requested. The Cour further find the amount of attorney fees requested by Plaintiff to be reasonable.

In opposition to Plaintiff's Motion for Attorney Fees, the Commissioner argues any error by the ALJ in failing to evaluate the opinion of Dr. Moore was harmless. In the written opinion, the Court specifically found that the ALJ's omission in weighing and evaluating Dr. Moore's opinion was not harmless error. The obligation to evaluate all the medical opinions is a basic duty of the ALJ. Therefore, the Court agrees with Plaintiff that the Commissioner is raising the same arguments that were rejected earlier. Even though the standards for EAJA and administrative appeals differ, the Court does not find the Commissioner's arguments to be persuasive nor substantially justified with regard to Dr. Moore.

As to Nurse Ostarcevic, the ALJ discounted her opinion because "[n]urse practitioners are not 'acceptable medical sources…[i]nstead the opinion of a nurse practitioner is considered an 'other source' that 'cannot establish the existene of a medically determinable impairment.'[13] The Court found the ALJ's failure to provide further commentary as to Nurse Ostarcevic's opinion did not allow the Court as a subsequent reviewer to discern the amount of weight, if any, was given to the opinion. In addition, upon review of the ALJ's summary of an MRI ordered by Nurse Ostarcevic, the Court found that it was unable to meaningfully review the ALJ's findings

[13] Tr. at 41.

because the ALJ's summary did not fully capture the MRI's findings and the ALJ's summary actually contradicted the MRI results. The Commissioner argues "in light of the medical evidence and lack of treatment post-209, the Commissioner's position that Plaintiff had less severe limitations than she and Ms. Ostarcevic claimed was reasonable."[14]

The Court finds the Commissioner's arguments to be unpersuasive because the actual MRI findings undermine the ALJ's reasons for discounting Ms. Ostarcevic's opinion. The Court does not find the Commissioner's position to be substantially justified because the Court found error in the ALJ's evidence supporting his opinion of Ms. Ostarcevic not whether or not his position could be supported by other means. The Court therefore agrees with Plaintiff that "the ALJ's failure to properly address this MRI report and instead use a skewed version of it to support his rejection of Ms. Ostarcevic's opinion is not reasonable."[15]

## CONCLUSION & ORDER

For the foregoing reasons, the Court HEREBY GRANTS Plaintiff's Motion for Attorney Fees.[16] The Court awards Plaintiff fees under the EAJA in the amount of $5,321.82.[17] The award shall be made payable to the Plaintiff and mailed to Plaintiff's attorney at the Law Office of Jay Barnes, 1079 E. Riverside Dr., Ste. 203, St. George, UT 84790.

DATED this 17 November 2014.

Brooke C. Wells
United States Magistrate Judge

---

[14] Docket no. 29 at p. 5.
[15] Docket no. 30 at p.5.
[16] Docket no. 28.
[17] Pursuant to Astrue v. Ratliff, 130 S.Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to Plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. §3716(c)(3)(2006).